HODNETT v. TEXAS & P. RY. CO.
(No. 1928.)

(Court of Civil Appeals of Texas. Texarkana. June 13, 1918.)

NEGLIGENCE ☜135 — INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE — SUFFICIENCY OF EVIDENCE.

In an action against a railroad for injuries to its ·locomotive fireman when he slipped on a smooth metal apron covering the space between engine and tender which he had caused to become slippery in sprinking coal to allay dust, evidence *held* sufficient to sustain the jury's finding of contributory negligence, resulting in deduction from the damages.

Appeal from District Court, Upshur County; P. O. Beard, Judge.

Suit by T. E. Hodnett against the Texas & Pacific Railway Company. From judgment for plaintiff on verdict assessing damages at $10,500, from which was deducted one-half on account of contributory negligence, plaintiff appeals. Affirmed.

S. P. Jones, of Marshall, and Briggs & Florence and Maberry & Maberry, all of Gilmer, for appellant. T. H. Briggs, of Gilmer, Young & Stinchomb, of Longview, and Geo. Thompson and R. S. Shapard, both of Dallas, for appellee.

HODGES, J. The appellant was injured while in the service of the appellee as a locomotive fireman. A suit by him for compensation resulted in a verdict assessing his damages at $10,500, from which was deducted one-half that sum on account of his contributory negligence. In this appeal the appellant contends that the evidence was not sufficient to raise the issue of contributory negligence and that the deduction made by the jury was wholly unwarranted.

The negligence complained of in the appellant's suit is that the railway company failed to furnish him a safe place in which to perform ·his duties while operating the train; that the metal apron which covered the space between the engine and the tender was smooth instead of being corrugated or rough, as it should have been; that when wet it became slippery and dangerous. While the appellant was in the performance of his duties he slipped and fell and sustained the injuries for which he sued. He testified that he got on the engine at Longview, Tex., about 20 minutes before the train started; that after making some examinations he entered upon the performance of his duties; that the coal was piled high in the tender, and it was necessary at frequent intervals to shovel it into the furnace of the engine; that in order to allay the dust which had accumulated a hose which the company had supplied for that purpose was attached to the injector, and with it he sprinkled the coal with water, some of which got on the apron and made it slippery. The appellee pleaded, among other things, that the appellant was guilty of con-

tributory negligence in using the apron after discovering that its surface was smooth and in sprinkling the apron with water after knowing the character of the surface exposed. Other witnesses testified that the smooth surface of the apron was easily observed by one occupying the position of the fireman. The jury was therefore justified in concluding that at the time the appellant entered upon the performance of his duties he knew that the apron had a smooth surface and that it was unsafe when wet. The jury also had a right to conclude that sprinkling the coal and the apron was for the purpose of allaying the dust which handling the coal created, and that this was merely for the convenience and comfort of the appellant and the engineer; that it was no part of the duties essential to the operation of the train. Counsel for appellant call attention to the fact that the hose was used for the very purpose for which it had been furnished and in the usual way. That may be true, but the jury had a right to conclude that a prudent man, knowing that the apron had a smooth surface and that when wet it became slippery and unsafe, would either have refrained from using the hose or would have avoided sprinkling the apron. If that danger was so imminent that the railway company should have anticipated that it might cause an injury, we find no reason for saying that the appellant should have been less cautious about his own safety. The fact that it was customary to use the hose in that way and for that purpose, while a circumstance tending to exonerate the appellant from the charge of negligence, was not a conclusive vindication. He cannot be permitted to close his eyes and blindly follow a custom which a little reflection would convince him was, under the existing circumstances, dangerous. Had the wetting of the apron been an unavoidable incident to the performance of a duty essential to the proper operation of the train, the situation would be different. But in this case the jury could easily infer that sprinkling the coal was to alleviate a condition much less of a menace than that caused by putting water on the apron.

We are not prepared to say that the evidence does not sustain the finding of the jury, and the judgment is affirmed.